ALLAN WILSON, Appellant, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Respondent.

Plaintiff shipped two horses by defendant's road under a contract by which he released the company from liability for damages resulting from the negligence of its servants or which should be occasioned by the insecurity of its cars. The horses were transported in a grain car, which was out of repair and, while sufficient for the use for which it was intended, unsafe for the transportation of live stock. In consequence of such defect one of the horses was injured. In an action to recover damages, it did not appear but that other safe and secure cars were provided by defendant and were on hand ready for use, so that the injury might

have been caused by carelessness on the part of its servants in selecting an insecure car. *Held*, that the only negligence shown was that of defendant's servants, from the consequences of which it was released by the contract ; and that plaintiff was not entitled to recover.

*It seems* that the language of such a release, where it is included in the same clause and connected with releases from the consequences of other causes of injury which could only occur during the process of shipment and transportation, is satisfied by limiting it to the negligence of defendant's servants in and about the transportation, and does not extend to a negligent omission to furnish proper cars.

(Submitted June 27, 1884 ; decided October 7, 1884.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order made at the June term, 1882, which affirmed a judgment in favor of defendant, entered upon the report of a referee. (Reported below, 27 Hun, 149.)

The nature of the action and the material facts are stated in the opinion.

*L. W. Russell* for appellant.    The release in this action did not remove the defendant's liability for damage to the horse resulting from· its negligence. (*Nicholas* v. *N. Y. C. R. .R. Co.*, 89 N. Y. 370 ; *Holsapple* v. *R. W. &. O. R. R. Co.*, 86 id. 275 ; *Maynard* v. *N. Y. C. R. R. Co.*, 71 id. 180 ; *Hill* v. *N. Y. C. R. R. Co.*, 73 id. 351 ; *Magnin* v. *Dinsmore*, 56 id. 168 ; *Guillaume* v. *H. & A. Packet Co.*, 42 id. 212 ; *Wescott* v. *Fargo*, 61 id. 542 ; *Rawson* v. *Holland*, 59 id. 611 ; *Edsall* v. *Cent. R. R. Co.*, 50 id. 661 ; *Condit* v. *G. T. R. R. Co.*, 54 id. 500 ; *Bostwick* v. *B. & O. R. R. Co.*, 45 id. 712 ; *Steinwig* v. *Erie R. Co.*, 43 id. 123.)    The courts will not construe a special contract as relieving defendant from its liability as bailee, or, in other words, negligence, unless it is plainly and unequivocally stated in the contract. (*Maynard* v. *N. Y. C. R. R. Co.*, 71 N. Y. 180.)    The contract must be construed most strongly against the carrier.    (*Belgin* v. *Dinsmore*, 51 N. Y. 166 ; *Spenwell* v. *St'ship Co.*, 80 id. 71 ; *Flike* v. *B. & A. R. R. Co.*, 53 id. 591 ; *Fuller* v. *Jewett*, 80 id. 46.)    The contract in suit was a through con-

tract. In such a case the company making the contract is liable for connecting lines. (*Maybie* v. *C. & A. R. Co.*, 45 N. Y. 95, 104; *Condit* v. *G. T. R. R. Co.*, 54 id. 500; *Quimby* v. *Vanderbilt*, 17 id. 306 ; *Faulkner* v. *Hart*, 82 id. 413.) A carrier of animals is liable the same as for any other property, except loss caused by their own viciousness and weakness, even though their natural tastes and desires lead to the loss. (*Holsapple* v. *R. W. & O. R. R. Co.*, 86 N. Y. 275 ; 14 id. 570 ; 71 id. 180 ; *G. W. R. Co.* v. *Blowen*, 7 Eng. Rep. [Moak's ed.] 700.) The carrier must supply itself with the latest and best improvements in use, and it is negligence to use a car in which, by any test known to science, a defect could be discovered. (*Caldwell* v. *N. J. Stbt. Co.*, 47 N. Y. 283 ; 43 id. 123 ; *Heigman* v. *West. R. Co.*, 13 id. 9 ; *Alden* v. *N. Y. C. R. R. Co.*, 26 id. 102 ; *Smith* v. *N. Y. C. R. R. Co.*, 19 id. 123.) The breaking of a car is *prima facie* evidence that there was a defect, and, unless explained, entitles the plaintiff to recover. (*Curtis* v. *Roch. R. R. Co.*, 18 N. Y. 534–543; *Halbart* v. *Utica, etc., R. R. Co.*, 12 id. 236 ; 46 id. 271–288.) It was error to strike from the record, on motion of defendant, and under plaintiff's exception, " all the testimony conflicting with the release." (*De Brante* v. *Dengermand*, 41 N. Y. 341–355 ; *Perkins* v. *Hill*, 56 id. 87.) A party cannot be examined as to irrelevant matter any more than any other witness, except for the purposes of impeachment. (*People* v. *Labeam*, 34 N. Y. 223 ; *King* v. *N. Y. C. R. R. Co.*, 72 id. 607, 211; 76 id. 288.)

*D. M. K. Johnson* for respondent. All contracts are presumed to be made in the ordinary course of business, unless it affirmatively appears that some other or different contract was made. (*Van Santvoord* v. *St. John*, 6 Hill, 157, 166.) The English rule that a railroad company receiving goods marked for a place beyond its terminus undertakes to carry them to their destination has never been adopted here. (*Root* v. *G. W. R. R. Co.*, 45 N. Y. 530, 533 ; *Condict* v. *G. T. R. R. Co.*, 54 id. 500, 502 ; *Faulkner* v. *Hart*, 82 id. 413, 422 ; *St. Louis*

*Ins. Co.* v. *St. L. V. T. H. & I. R. R. Co.*, 24 Alb. L. J. 515; *R. R. Co.* v. *Pratt*, 22 Wall. 129; *Stewart* v. *T. H. & I. R. R. Co.*, 23 Alb. L. J. 35; *Hadd* v. *U. S. & C. Ex. Co.*, id. 96.) It must be assumed that the contract contains all the contract, and no evidence *aliunde* can be given to contradict it. (*Kirkland* v. *Densmore*, 62 N. Y. 175, 176; *Long* v. *N. Y. C. R. R. Co.*, 50 id. 76; *Belger* v. *Dinsmore*, 51 id. 170; *Steers* v. *Liv., etc., Steamship Co.*, 57 id. 1; *Ger. F. Ins. Co.* v. *M. & C. R. R. Co.*, 72 id. 90; *French* v. *Buff., etc., R. R. Co.*, 2 Abb. Ct. App. Dec. 196, 198; *Cragin* v. *N. Y. C. R. R. Co.*, 51 N. Y. 61, 64.) Negligence is an affirmative fact, and is to be proved by the plaintiff. (S. & R. on Neg. 10, § 12; *Holbrook* v. *U. & S. R. R. Co.*, 12 N. Y. 236; *Johnson* v. *H. R. R. R. Co.*, 20 id. 71; *Ernst* v. *H. R. R. R. Co.*, 39 id. 66.) Plaintiff cannot recover, because he or his agent was guilty of contributory negligence. (S. & R. on Neg. 23–26, chap. 3, § 35; *Johnson* v. *H. R. R. R. Co.*, 20 N. Y. 66; *Wilds* v. *H. R. R. R. Co.*, 24 id. 430; *Warner* v. *N. Y. C. R. R. Co.*, 44 id. 471; *Sammons* v. *N. Y. C. & H. R. R. R. Co.*, 62 id. 258.) The motion by defendant to strike out all the testimony of the plaintiff, which contradicted or was in conflict with the written receipt, was proper. (*Hinckley* v. *N. Y. C. & H. R. R. R. Co.*, 56 N. Y. 429, 434.)

FINCH, J. This action was brought to recover damages for injuries to a horse, resulting from negligence of the defendant company in its transportation. The shipping contract contained this clause: "Whereas the New York Central and Hudson River Railroad Company transport live stock, either by the head or by the car-load at reduced prices, upon the shipper assuming certain risks, as specified below: Now, in consideration that said company will transport at said reduced prices two (2) horses, Allen Wilson, Ogdensburg, N. Y., they are hereby released from all liabilities for injuries which the animals, or either of them, may receive in consequence of any of them being wild, vicious, unruly, weak, escaping or maiming themselves or each other; or in consequence of heat, suffocation or other ill effects

of being crowded either upon cars or in yards; or on account of being injured by the burning of hay, straw or any other material used for feeding the stock; or in any other way including the negligence of said company's servants, and also for all loss or damage which may be sustained by reason of any delay in the loading, transportation or delivery of them, or in consequence of insecurity of the cars." The door of the car in which the animal was carried was shown to have been out of repair and unsafe when used to confine and protect live stock. It appears to have been an iron grain car, and possibly might have been used to carry grain or dead freight and been quite sufficient for the purpose. Indeed, the same car was afterward used to carry lumber and passed by an inspector as suitable and sufficient for that purpose. So that the negligence which caused the injury may have been either that of the company's servants in selecting and using a car for the transportation of the horses which was unsafe for that purpose, when other and sufficient cars were provided and might have been used; or the negligence of the company preceding the act of transportation in failing to furnish sufficient and suitable cars for the carrying of live stock. The defense rested upon two provisions of the contract signed by the shipper. One of them released the company from liability for any damage resulting from the negligence of the company's servants; and the other from damage occasioned by the insecurity of the cars. The language of the first provision is amply satisfied by limiting it to the negligence of the company's servants in and about the particular act of transportation, and without extending it to a prior negligence of the company in failing to furnish proper cars, although such would have been, perhaps, necessarily, a fault of the company's servants. This construction is justified by reference to other and connected provisions of the contract. The release is from " all liabilities for injuries which the animals, or either of them, may receive, in consequence of any of them being wild, vicious, unruly, weak, escaping or maiming themselves or each other; or in consequence of heat, suffocation or other ill effects of being crowded either upon

cars or in yards; or on account of being injured by the burning of hay, straw or any other material used for feeding the stock; or in any other way, including the negligence of said company's servants." The causes of injury specifically mentioned are such as could only occur during the process of the shipment and transportation, and the negligence of the corporate servants included in the recital naturally refers and is limited to a negligence occurring in the same process. If, therefore, the injury arose from a careless selection of an insecure car by the servants making up the train, when safe cars in abundance were provided by the company, or from any other negligence of such servants during the process of transportation, then the company is freed from liability by force of the clause in question.

But, it is said, the company, as distinguished from its servants, was itself negligent in not furnishing a proper car, and from that negligence there are no words of release in express terms, as was required in *Nicholas* v. *N. Y. C. & H. R. R. R. Co.* (89 N.Y. 370). There was no proof of any such corporate negligence. It is not shown that the company did not furnish a sufficient number of safe and suitable cars for the transportation of horses, or that such cars were not at hand and ready for use when the shipment was made. The car in question was a grain car and might have been and probably was sufficient and safe for the uses to which the company expected and intended it should be put. We cannot say that its mere presence upon the rails of the company was a negligent act, when for its appropriate uses it appears to have been sufficiently safe; all that we can say is that it ought not to have been used to carry horses, in its existing condition; but if there was negligence in that, it was the negligence of servants who made up the train. So far as the company was concerned it was guilty only of a breach of contract to carry safely, and from that it was released by the provision discharging it from responsibility for an injury arising "from the insecurity of the cars." There was no proof of any negligence of the company as distinguished from and outside of the negligence of its servants in and about the process of

transportation; on the contrary, the latter only was alleged in the complaint, for the negligence there asserted was that "said defendant negligently and carelessly placed said horses in an unsafe and rotten car, and transported and carried said horses without proper and necessary care and attention." The placing in the unsafe car and the lack of care were acts of the servants in and about the process of transportation. There is neither allegation nor proof that the company had failed to supply sufficient and suitable cars for the transportation of horses, so that its servants were driven by its fault to the selection of the car used. The two clauses of the contract, therefore, taken together constituted a defense.

The judgment should be affirmed.

All concur, except DANFORTH, J., absent.

Judgment affirmed.